UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **MAXCIMINO CUELLO, JR.**, Individually and For Others Similarly Situated, <br><br> v. <br><br> **COMPETENTIA US, INC.** | Case No. <br><br><br> **JURY TRIAL DEMANDED** <br> **COLLECTIVE ACTION** |

## COMPLAINT

### SUMMARY

1. Competentia US, Inc. (Competentia) failed to pay Maxcimino Cuello, Jr. (Cuello) and other workers like him, overtime as required by the Fair Labor Standards Act (FLSA).

2. Instead, Competentia paid Cuello and other workers like him the same hourly rate for all hours worked, including those in excess of 40 in a workweek (or "straight time for overtime").

3. But Competentia cannot meet the requirements for any relevant exemption because Competentia did not pay them on a "salary basis."

4. Competentia's purported salary guarantee was not reasonably related to what Cuello and the Putative Class members actually earned based on the hours they worked. 29 C.F.R. § 541.604(b).

5. Competentia would routinely deduct from Cuello's and the Putative Class Members' pay using incremental or partial day deductions.

6. Competentia's improper deductions also violate the salary basis test.

7. In short, Competentia's pay plan fails the salary basis test.

8. Because the salary basis test is a prerequisite to any potentially applicable exemption (administrative, executive, professional, or highly compensated) to the FLSA's overtime requirements,

Cuello and Putative Class Members are non-exempt employees who are entitled to overtime for every hour above 40 worked in a week.

9. Cuello brings this lawsuit to recover unpaid overtime wages and other damages owed under the FLSA.

## JURISDICTION AND VENUE

10. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because this Action involves a federal question under the FLSA.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this District and Division.

12. Competentia's headquarters are in Houston, Texas, in this District and Division.

## THE PARTIES

13. Cuello is an individual who resides in Texas.

14. During the relevant period, Cuello was an hourly employee of Competentia.

15. Throughout his employment with Competentia, Cuello was paid the same hourly rate for all hours worked (including those hours in excess of 40 hours in a single workweek) with no overtime compensation.

16. His written consent is attached herein as Exhibit A.

17. Cuello brings this action on behalf of himself and other similarly situated workers who were paid by Competentia's "straight time for overtime" system.

18. The class of similarly situated employees sought to be certified as a collective action under the FLSA is defined as:

> **All hourly employees of Competentia during the past 3 years who were paid straight time for overtime (the "Putative Class Members").**

19. Cuello seeks conditional and final certification of this Putative Class in this collective action under 29 U.S.C. § 216(b).

20. Competentia may be served with process by serving its registered agent, Aaron Dowd, 11000 Equity Drive, Suite 250, Houston, Texas 77041-8240.

## STATUTE OF LIMITATIONS

21. Cuello was an opt-in plaintiffs in *Kasper v. Competentia US, Inc.*, No. H-20-cv-3942, ECF No. 1 (S.D. Tx., Nov. 18, 2020).

22. For statute of limitations purposes, Cuello's claims relate back to when he filed his consent on February 12, 2021. *Id.* at ECF No. 19.

23. The Court granted Competentia's Motion for Summary Judgement in the *Kasper* litigation. *Id.* at ECF No. 30.

24. The Court also denied Kasper's request to toll the statute of limitations for Cuello. *Id.*

25. Three days later, Cuello filed his claims in this case.

## COVERAGE UNDER THE FLSA

26. At all times hereinafter mentioned, Competentia was and is an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

27. At all times hereinafter mentioned, Competentia was and is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

28. At all times hereinafter mentioned, Competentia was and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

29. Competentia has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or were produced for commerce, such as hand tools, automobiles, computers, and cell phones.

30. At all times hereinafter mentioned, Cuello and the Putative Class Members were engaged in commerce or in the production of goods for commerce per 29 U.S.C. §§ 206-207.

## THE FACTS

31. Competentia is engaged in providing professional services in the energy industry throughout the United States.

32. In order to provide services to its clients, Competentia hires employees it pays on an hourly basis.

33. Cuello worked for Competentia as a Commissioning Specialist.

34. Cuello was paid roughly $100 an hour for every approved hour worked.

35. Cuello was employed by Competentia from February 2019 to May 2019.

36. Cuello was an hourly employee of Competentia.

37. Cuello was not paid a guaranteed salary.

38. If Cuello worked under 40 hours, he was only paid for the hours he worked.

39. But Cuello would regularly work more than 40 hours in a week.

40. In fact, Cuello routinely worked 50 to 70 hours a week.

41. For example, in the two-week pay period ending on April 20, 2019, Cuello worked 147 hours.

42. In both of those workweeks, Cuello worked over 40 hours.

43. For those two workweeks, Cuello was paid his straight time rate for all 147 hours he worked.

44. The hours Cuello worked are reflected in Competentia's payroll records.

45. Competentia paid Cuello the same hourly rate for all hours worked, including those hours in excess of 40 hours in a single workweek.

46. Competentia did not pay Cuello overtime for all hours worked in excess of 40 hours in a single workweek.

47. Rather than receiving time and half as required by the FLSA, Cuello only received "straight time" pay for overtime hours worked.

48. This "straight time for overtime" payment scheme violates the FLSA.

49. Competentia was aware of the overtime requirements of the FLSA.

50. Competentia has previously been sued for this same straight time for overtime pay practice. *Juarez, et al. v. Competentia US, Inc.*, No. 4:19-cv-846, Doc. 1 (S.D. Tex. Mar. 8, 2019).

51. Competentia nonetheless failed to pay certain hourly employees, such as Cuello, overtime.

52. Cuello and the Putative Class Members perform job duties in furtherance of the power, engineering, project management, and oil and gas industry business sectors and are subjected to similar compensation practices.

53. Cuello and the Putative Class Members also worked similar hours and were denied overtime because of the same illegal pay practice.

54. Cuello and the Putative Class Members regularly worked in excess of 40 hours each week.

55. Competentia did not pay Cuello and the Putative Class Members on a salary basis.

56. Competentia paid Cuello and the Putative Class Members "straight time for overtime."

57. Competentia failed to pay Cuello and the Putative Class Members overtime for hours worked in excess of 40 hours in a single workweek.

58. The amount of compensation earned by Cuello and the Putative Class Members was not reasonably related to any purported "salary."

59. Competentia knew it had to meet the salary basis test to take advantage of any exemptions for white-collar employees.

60. Competentia knew from its prior litigation history to investigate whether it was complying with the salary basis test.

61. Competentia knew about the Department of Labor's 2018 Opinion Letter requiring the salary basis test and reasonable relationship test be satisfied for "salaried" employees who receive additional hourly compensation.[1]

62. Competentia disregarded its knowledge and maintained an illegal straight time for overtime compensation scheme.

63. Competentia knew, or acted with reckless disregard for whether, Cuello and the Putative Class Members were paid in accordance with the FLSA.

64. Competentia's failure to pay overtime to these hourly workers was, and is, a willful violation of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

65. The illegal pay practices Competentia imposed on Cuello were imposed on the Putative Class Members.

66. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

---

[1] See https://www.dol.gov/sites/dolgov/files/WHD/legacy/files/2018_11_08_25_FLSA.pdf (Last visited November 17, 2021).

67. Numerous other individuals who worked with Cuello were paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by federal wage laws.

68. Based on his experiences and tenure with Competentia, Cuello is aware that Competentia's illegal practices were imposed on the Putative Class Members.

69. The Putative Class Members were not paid overtime when they worked more than 40 hours per week.

70. Competentia's failure to pay overtime at the rates required by federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

71. Cuello's experiences are therefore typical of the experiences of the Putative Class Members.

72. The specific job titles or precise job locations of the various members of the Putative Class Members do not prevent collective treatment.

73. Cuello has no interests contrary to, or in conflict with, the Putative Class Members.

74. Like each Putative Class Member, Cuello has an interest in obtaining the unpaid overtime wages owed under federal law.

75. The precise size and the identity of other Putative Class Members is ascertainable from the business records, tax records, and/or employee or personnel records maintained by Competentia.

76. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

77. Absent a collective action, many Putative Class Members will not obtain redress of their injuries and Competentia will reap the unjust benefits of violating the FLSA.

78. Furthermore, even if some Putative Class Members could afford individual litigation against Competentia, it would be unduly burdensome to the judicial system.

79. If individual actions were required to be brought by each Putative Class Member, it would necessarily result in a multiplicity of lawsuits and would create hardship to Putative Class Members, to Competentia, and to the Court.

80. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Putative Class Members and provide for judicial consistency.

81. The questions of law and fact common to each of Putative Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

    a. Whether Competentia required Cuello and the Putative Class Members to work more than 40 hours during individual work weeks;

    b. Whether Competentia's decision to pay Cuello and the Putative Class Members straight time for overtime was made in good faith;

    c. Whether Competentia paid Cuello and the Putative Class Members on a salary basis;

    d. Whether Competentia straight time for overtime policy violated the reasonable relationship test;

    e. Whether Competentia failed to pay Cuello and the Putative Class Members at a rate of one and one-half times their regular rate of pay when they worked more than 40 hours in a single workweek;

    f. Whether Competentia's violation of the FLSA was willful; and

    g. Whether Competentia's illegal pay practices were applied to Cuello and the Putative Class Members.

82. Cuello and the Putative Class Members sustained damages arising out of Competentia's illegal and uniform employment policy.

83. Cuello knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective action.

84. Cuello will fairly and adequately represent and protect the interests of the Putative Class Members.

85. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective action treatment.

## CAUSE OF ACTION

86. By failing to pay Cuello and the Putative Class Members overtime at one-and-one-half times their regular rates, Competentia violated the FLSA's overtime provisions.

87. Competentia owes Cuello and the Putative Class Members overtime pay at the proper overtime rate.

88. Because Competentia knew, or showed reckless disregard for whether, its pay practices violated the FLSA, Competentia owes these wages for at least the past three years.

89. Competentia is liable to Cuello and the Putative Class Members for an amount equal to all unpaid overtime wages as liquidated damages.

90. Cuello and the Putative Class Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## JURY DEMAND

91. Cuello demands a Jury trial.

## PRAYER

92. Cuello prays for relief as follows:

a. An order allowing this action to proceed as a collective action under the FLSA and directing notice to the Putative Class Members;

b. A judgment finding Competentia liable to Cuello and the Putative Class Members for unpaid overtime and an equal amount as liquidated damages;

c. An order awarding attorneys' fees, costs, expenses, and judgment interest; and

d. An award of such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/ *Michael A. Josephson*
**Michael A. Josephson**
State Bar No. 24014780
**Andrew W. Dunlap**
State Bar No. 24078444
**Richard M. Schreiber**
State Bar No. 24056278
**JOSEPHSON DUNLAP, LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
rschreiber@mybackwages.com

**AND**

**Richard J. (Rex) Burch**
State Bar No. 24001807
**BRUCKNER BURCH, PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**